CATHERINE D. KEVANE (CSB No. 215501)
ckevane@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants Sytse Sijbrandij, Brian G. Robins, Karen Blasing, Merline Saintil, Godfrey Sullivan, Matthew Jacobson, Sundeep Bedi, Sue Bostrom, and Nominal Defendant GitLab Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT JONES, derivatively on behalf of GITLAB INC.,<br>Plaintiff,<br><br>v.<br><br>SYTSE SIJBRANDIJ, BRIAN G. ROBINS, KAREN BLASING, MERLINE SAINTIL, GODFREY SULLIVAN, MATTHEW JACOBSON, SUNDEEP BEDI, and SUE BOSTROM<br>Individual Defendants, and<br><br>GITLAB INC.,<br>Nominal Defendant. | Case No.: 5:25-cv-01735-EKL<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY**<br><br>Judge: Hon. Eumi K Lee<br><br>Date Action Filed: February 19, 2025 |

Pursuant to Civil Local Rule 7-12, Plaintiff Walter Jones ("Plaintiff"), Individual Defendants Sytse Sijbrandij, Brian G. Robins, Karen Blasing, Merline Saintil, Godfrey Sullivan, Matthew Jacobson, Sundeep Bedi, Sue Bostrom, Mark Porter, David DeSanto (the "Individual Defendants"), and Nominal Defendant GitLab Inc. ("GitLab" or the "Nominal Defendant" and, together with the Individual Defendants, the "Defendants," and with Plaintiff, the "Parties"), by and through their respective counsel, stipulate as follows:

WHEREAS, on February 14, 2025, Plaintiff Eduardo Preciado filed a Verified Stockholder Derivative Complaint (the "*Preciado* Complaint") on behalf of GitLab against certain of the



FENWICK & WEST LLP

Individual Defendants, captioned *Preciado v. Sijbrandij, et al.*, Case No. 5:25-cv-01597-EKL (the "*Preciado* Action");

WHEREAS, on February 19, 2025, Plaintiff Robert Jones filed a Verified Stockholder Derivative Complaint on behalf of Nominal Defendant against the Individual Defendants in the shareholder derivative action captioned *Jones v. Sijbrandij, et al.*, Case No. 5:25-cv-01735-EKL (the "*Jones* Action" and, together with the *Preciado* Action, the "Derivative Actions");

WHEREAS, the Derivative Actions assert claims based on the same alleged events and circumstances in the securities class action captioned *Dolly v. GitLab Inc.*, Case No. 5:24-cv-06244-EKL (N.D. Cal.), pending before the United States District Court for the Northern District of California (the "Securities Class Action");

WHEREAS, Individual Defendants Sijbrandij and Robins, are named as defendants in both the Derivative Actions and the Securities Class Action;

WHEREAS, on March 18, 2025, this Court entered an order deeming the Derivative Actions related to the Securities Class Action; and

WHEREAS, in light of the similarities between the *Jones* Action and the Securities Class Action, and because Plaintiff seeks damages on GitLab's behalf arising from, among other things, the outcome of the Securities Class Action, and in order to conserve the Parties' and judicial resources, the Parties to the *Jones* Action agree that all proceedings and deadlines in the *Jones* Action, including discovery and Defendants' obligation to move, answer, or respond to the Complaint in the *Jones* Action, should be voluntarily stayed;

**IT IS ACCORDINGLY STIPULATED AND AGREED** by the Parties**,** pursuant to Civil L.R. 7-12, through their respective undersigned counsel, as follows:

1. Defendants agree to accept service of process on behalf of any Defendant not yet served in the *Jones* Action;
2. The Parties agree that a stay of the *Jones* Action pending resolution of the Securities Class Action is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the Parties, and will more closely align the proceedings in the *Jones* Action with the proceedings in the Securities

FENWICK & WEST LLP

Class Action.

3. All proceedings and deadlines in the *Jones* Action, including the filing of pleadings, motion practice, and any discovery, shall be stayed and no deadline shall be imposed until the earlier of (1) final resolution of the Securities Class Action; or (2) an announcement that the parties in the Securities Class Action have reached a settlement. Defendants shall not be required to move, or otherwise respond, to the complaints in the *Jones* Action during the pendency of the stay.

4. Within fourteen (14) days of resolution or dismissal of the Securities Class Action with prejudice, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the *Jones* Action, including dates by which Plaintiff must file an amended complaint (if not already amended pursuant to paragraph 7), if any, and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

5. The Defendants shall promptly notify Plaintiff of any related derivative lawsuits involving GitLab ("Related Derivative Action"). Defendants' counsel shall promptly notify Plaintiff if any Related Derivative Action is not stayed for the same or longer duration of time as the *Jones* Action.

6. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle the Securities Class Action, counsel for Defendants shall provide counsel in the *Jones* Action with reasonable advance notice of said mediation and shall invite Plaintiff to participate in such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). Defendants shall inform Plaintiff promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiff in any such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation, as well as any insurers).

7. Notwithstanding the agreed-upon stay of the *Jones* Action, Plaintiff may file a

consolidated amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

8. Nothing herein shall prejudice any Party's rights to move to consolidate and/or relate the *Jones* Action with any Related Derivative Action, including the *Preciado* Action.

9. All proceedings in this action, including all applicable case management and ADR deadlines, whether by Court order, the Federal Rules and Civil Local Rules, or otherwise shall be temporarily stayed and/or vacated during the pendency of Securities Class Action.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS SO STIPULATED.**

Dated: April 22_, 2025

FENWICK & WEST LLP

By: [signature]

Catherine D. Kevane

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350
Email: ckevane@fenwick.com

Attorneys for Defendants Sytse Sijbrandij, Brian G. Robins, Karen Blasing, Merline Saintil, Godfrey Sullivan, Matthew Jacobson, Sundeep Bedi, Sue Bostrom, Mark Porter, David DeSanto and Nominal Defendant GitLab Inc.

Dated: April 22, 2025

GLANCY PRONGAY & MURRAY LLP

By: */s/ Pavithra Rajesh*
Robert V. Prongay
Pavithra Rajesh

1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310.201.9150
Facsimile: 310.201.9160
rprongay@glancylaw.com
prajesh@glancylaw.com

Attorneys for Plaintiff Robert Jones

Pursuant to Local Rule No. 5-1(i)(3), all signatories concur in filing this stipulation.

Dated: April 22, 2025

By: [signature]
Catherine D. Kevane

SO ORDERED this ___ day of ___________, 2025.

Honorable Eumi K. Lee



FENWICK & WEST LLP